# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-165V
(Unpublished)

| | |
|---|---|
| ANDREA MORRIS, | |
| Petitioner, | Special Master Katherine E. Oler |
| v. | Filed: September 10, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On February 3, 2017, Andrea Morris ("Petitioner") filed a petition[2] for compensation under the National Vaccine Injury Compensation Program[3] alleging that she suffered gastroparesis as a result of the Hepatitis B vaccination she received on March 20, 2015. Pet. at 1, ECF No. 1. Petitioner filed her statement of completion on February 13, 2017. ECF No. 11.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This petition was initially assigned to Special Master Hastings and re-assigned to my docket on December 1, 2017.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On August 30, 2017, Respondent filed a Rule 4(c) Report stating that Petitioner had "failed to provide preponderant evidence in support of [her] petition." Resp't's Rep. at 13, ECF No. 19. Respondent concluded that Petitioner "failed to establish entitlement to compensation under the Vaccine Act." *Id*.

Petitioner then filed an expert report on April 24, 2018, ECF No. 32, and Respondent filed two expert reports on August 22, 2018, ECF Nos. 38-39.  On October 9, 2018, Petitioner filed a status report indicating her wish to file responsive expert reports.  ECF No. 40.  Petitioner moved for and received three extensions of time to file her responsive reports. ECF Nos. 41, 44-45.

On June 10, 2019, Petitioner requested time to file a status report indicating how she wished to proceed. ECF No. 46.  On July 10, 2019, Petitioner filed a status report requesting an additional 30 days to notify me how she intended to proceed. ECF No. 48.  Following a second extension of time to file her status report, Petitioner filed the instant motion to dismiss on September 9, 2019, stating that "[she] has chosen not to move forward with her petition for compensation in the Vaccine Program." Dismissal Mot., ECF No. 50.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master